FILED
2022 MAR 4 PM 1:26
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LUKE B., <br><br> **Plaintiff,** <br><br> v. <br><br> KILOLO KIJAKAZI,[1] <br> **Acting Commissioner of Social Security,** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br><br> **Case No. 2:21-cv-00278-JCB** <br><br><br> **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[2] Before the court is Plaintiff Luke B.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[3] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[4] After careful consideration of the written briefs and the complete record, the court concludes that oral

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 10.

[2] ECF No. 9.

[3] 42 U.S.C. §§ 401-434.

[4] *Id.* §§ 1381-1383f.

argument is not necessary. Based upon the analysis set forth below, all of Plaintiff's arguments on appeal fail. Therefore, the Commissioner's decision in this case is affirmed.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB and SSI in 2018.[5] Plaintiff's applications were denied initially and upon reconsideration.[6] Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ") on January 17, 2020.[7] On February 13, 2020, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[8] Plaintiff appealed the adverse ruling, and, on February 25, 2021, the Appeals Council denied his appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On April 30, 2021, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal

---

[5] ECF No. 13, Administrative Record ("AR ___") 228-37.

[6] AR 114-17.

[7] AR 32-83.

[8] AR 12-31.

[9] AR 1-6.

[10] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[11] ECF No. 2.

standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards of review apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more

---

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[13] 42 U.S.C. § 405(g).

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21]

At the fourth step, the claimant must show, given his residual functional capacity ("RFC"), that his impairments prevent performance of his "past relevant work."[22] "If the claimant is able to perform his previous work, he is not disabled."[23] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[24]

---

[19] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

[20] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[21] *Williams*, 844 F.2d at 751.

[22] 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[23] *Williams*, 844 F.2d at 751.

[24] *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."[25] At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[26] If the claimant "can make an adjustment to other work," he is not disabled.[27] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[28]

## ANALYSIS

Plaintiff argues that the ALJ erred in evaluating: (I) the medical opinion of Kristiann Henricksen, DPT ("Ms. Henricksen"); and (II) the prior administrative medical findings of Kendrick Morrison, MD ("Dr. Morrison") and Ralph McKay, MD ("Dr. McKay"). Below, the court first sets forth the standards for evaluating medical opinions and prior administrative medical findings under the relevant regulations, then addresses each of Plaintiff's claims of error.

Under the relevant regulations, an ALJ is required to consider certain factors when evaluating medical opinions and prior administrative medical findings.[29] Those factors are: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and

---

[25] *Id*.

[26] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[27] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[28] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[29] 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

5

(5) other factors.[30] The most important factors for an ALJ to consider are supportability and consistency.[31] An ALJ is required to articulate the persuasiveness of all medical opinions and prior administrative medical findings in a claimant's case record.[32] In support of the persuasiveness determination, an ALJ is required to articulate only the consideration of the factors of supportability and consistency.[33] An ALJ may, but is not required to, articulate the consideration of the remaining factors.[34] Thus, when evaluating medical opinions and prior administrative medical findings, and ALJ is required to articulate the consideration of: (1) the persuasiveness of the opinions and findings, (2) the factor of supportability, and (3) the factor of consistency.

I.      **The ALJ Did Not Err in Evaluating Ms. Henricksen's Opinions.**

Plaintiff contends that the ALJ erred in his evaluation of Ms. Henricksen's May 11, 2018 medical opinion.[35] Specifically, Plaintiff asserts that the ALJ failed to conduct a proper analysis of the factors of supportability and consistency. As shown below, Plaintiff's argument fails.

In his decision, the ALJ articulated all the required considerations when evaluating Ms. Henricksen's opinion. First, the ALJ articulated the persuasiveness of Ms. Henricksen's opinion

---

[30] 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

[31] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

[32] 20 C.F.R. §§ 404.1520c(b), 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record.").

[33] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

[34] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

[35] AR 486-87.

when he found it "unpersuasive."[36] Although Plaintiff disagrees with that assessment, no one can dispute that the ALJ addressed it.

Second, the ALJ articulated his consideration of the "supportability" factor when he stated that Ms. Henricksen's opinion was "not supported with explanation or rationale in the checkbox form" and was "not supported by her treatment notes, which showed little objective evidence to support her opinions."[37] The ALJ specifically noted that Ms. Henricksen's physical therapy note, which was dated two days prior to her opinion, indicated that Plaintiff experienced "pain reduction with therapy and he was able to perform forty[-]three minutes of aquatic physical therapy."[38] The ALJ concluded that the physical therapy note did "not support the severity of the limitations assessed."[39] Again, Plaintiff disagrees with the ALJ's conclusion but cannot reasonably dispute that the ALJ considered the "supportability" factor.

Finally, the ALJ articulated his consideration of the "consistency" factor when he stated that Ms. Henricksen's opinion was "inconsistent with [Plaintiff]'s treatment notes, which consistently showed shoulder abnormalities, which would support greater manipulative limitations that she assessed."[40] The ALJ also noted that Ms. Henricksen's opinion was

---

[36] AR 23.

[37] *Id*.

[38] *Id*.

[39] *Id*.

[40] *Id*.

"inconsistent with the prior administrative medical findings."[41] This court cannot fault the ALJ for thoughtfully considering the factors that the law requires.

Nevertheless, Plaintiff attacks the ALJ's analysis by pointing to Ms. Henricksen's physical therapy notes from March 15, 2018,[42] and June 25, 2018.[43] Plaintiff argues that those two notes undermine the ALJ's analysis because, according to Plaintiff, they are supportive of and consistent with Ms. Henricksen's May 11, 2018 opinion. Plaintiff's arguments fail for at least two reasons.

First, Plaintiff's reliance upon the March 15, 2018 note fails because it pre-dates the May 9, 2018 note upon which the ALJ relied. Indeed, the March 15, 2018 note documented Plaintiff's first visit with Ms. Henricksen and, thus, evaluated Plaintiff's pain level *before* Ms. Henricksen had provided any treatment. Importantly, the ALJ's analysis cited to Ms. Henricksen's subsequent treatment note from May 9, 2018, which indicated that Plaintiff was experiencing pain reduction as a result Ms. Henricksen's treatment and that he was able to perform forty-three minutes of aquatic physical therapy.[44]

Second, Plaintiff's reliance upon the June 25, 2018 note is nothing more than an effort to argue the weight of the evidence before the ALJ, which is an unavailing tactic on appeal. Indeed, Plaintiff points to select portions of the June 25, 2018 note that he believes support Ms.

---

[41] *Id*.

[42] AR 579-82.

[43] AR 542.

[44] AR 560.

Henricksen's May 11, 2018 opinion. However, Plaintiff fails to acknowledge other portions of that note that do not support and are inconsistent with Ms. Henricksen's May 11, 2018 opinion. Specifically, the June 25, 2018 note indicates that Plaintiff reported to Ms. Henricksen that he had been walking daily, which was helping his back pain.[45] The note also indicates that Plaintiff reported to Ms. Henricksen that he had experienced a 50% improvement since beginning physical therapy.[46] The court must refuse Plaintiff's invitation to reweigh that evidence.[47] From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions.[48] The "substantial evidence" standard recognizes that evidence in the record may be capable of supporting different conclusions. Nevertheless, each of those different conclusions may still be supported by "substantial evidence."[49] There is such evidence in the record to support the ALJ's conclusions concerning

---

[45] AR 542.

[46] *Id*.

[47] *Madrid*, 447 F.3d at 790.

[48] *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[49] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

the factors of supportability and consistency,[50] and that is enough here. Therefore, the ALJ did not err in evaluating Ms. Henricksen's opinion.

## II. The ALJ Did Not Err in Evaluating Dr. Morrison's and Dr. McKay's Prior Administrative Medical Findings.

Plaintiff argues that the ALJ erred in his evaluation of Dr. Morrison's and Dr. McKay's prior administrative medical findings[51] by failing to conduct a proper analysis of the factors of supportability and consistency. However, the ALJ articulated all the necessary considerations when evaluating Dr. Morrison's and Dr. McKay's findings. First, the ALJ articulated the persuasiveness of those findings when he found them "partly persuasive."[52] Second, the ALJ articulated his consideration of the factor of supportability when he stated that Dr. Morrison's and Dr. McKay's findings were "well supported by the explanation and rationale provided for the limitations assessed"[53] and cited to Dr. McKay's narrative discussion of and evaluation of the evidence.[54] Finally, the ALJ articulated his consideration of the factor of consistency when he stated that Dr. Morrison's and Dr. McKay's findings were "partially consistent with the objective

---

[50] Plaintiff also makes a cursory argument that the ALJ's supportability analysis improperly relied on the fact that Ms. Henricksen's May 11, 2018 opinion was completed on a checkbox form. That argument fails because the ALJ's reliance on that fact was not the sole reason stated in his supportability analysis. *Lobato v. Kijakazi*, No. CV 21-207 JB/KK, 2022 WL 500395, at *12 (D.N.M. Feb. 18, 2022) ("[I]n the Tenth Circuit, the fact that [a medical provider] expressed her opinions on checkbox forms is not, *by itself*, an adequate reason to reject those opinions." (emphasis added)). Here, the ALJ articulated several other reasons in his supportability analysis and consistency analysis of Ms. Henricksen's opinions.

[51] AR 86-99, 118-33.

[52] AR 23.

[53] *Id*.

[54] *Id*.; AR 123-25.

evidence after their assessment, specifically, [Plaintiff]'s full strength that he has maintained throughout the relevant period."[55] At the same time, the ALJ noted that Plaintiff's "longitudinal evidence shows a deterioration of his conditions that would cause greater limitations" as assessed by the ALJ, including that "later imaging showed progressive degeneration of [Plaintiff's] lumbar disc disease and he was eventually implanted with a spinal cord stimulator."[56]

Plaintiff takes issue with the ALJ's supportability analysis by arguing that it is deficient because Dr. Morrison's findings are "an unadorned recitation of facts" followed by a cursory finding and that Dr. McKay's subsequent findings do "not provide any more illumination."[57] However, a review of Dr. Morrison's and Dr. McKay's findings shows differently. Dr. Morrison provided a narrative discussion of the objective medical evidence and Plaintiff's reported symptoms both before and after the finding Plaintiff references.[58] He also referenced that discussion when assessing Plaintiff's limitations.[59] Dr. McKay likewise provided such a narrative discussion[60] and referenced that discussion when assessing Plaintiff's limitations.[61] For those

---

[55] AR 23.

[56] *Id.*

[57] ECF No. 17 at 19.

[58] AR 90-92.

[59] AR 95-97.

[60] AR 124-25.

[61] AR 128-30.

reasons, Plaintiff's argument fails.[62] Therefore, the ALJ did not err in evaluating Dr. Morrison's and Dr. McKay's prior administrative medical findings.

## CONCLUSION AND ORDER

As demonstrated above, all of Plaintiff's arguments on appeal fail. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 4th day of March 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[62] Curiously, Plaintiff also challenges the ALJ's consideration of the spinal cord stimulator when assessing Dr. Morrison's and Dr. McKay's findings. It is not entirely clear why Plaintiff raises that argument because, as noted above, the ALJ cited the spinal cord stimulator as part of a reason to support his imposition of greater limitations than those expressed by Dr. Morrison and Dr. McKay. AR 23. Thus, even if Plaintiff could show that the ALJ erred in that regard, it would not be to his benefit.